NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

MIGUEL LUIS CERECERES, *Petitioner/Appellant*,

*v.*

EMMA CERECERES, *Respondent/Appellee*.

No. 1 CA-CV 15-0225 FC
FILED 2-11-2016

Appeal from the Superior Court in Maricopa County
No. FN2013-091374
The Honorable Bethany G. Hicks, Judge (Retired)

**AFFIRMED**

COUNSEL

The Sobampo Law Firm, PPLC, Phoenix
By F. Javier Sobampo
*Counsel for Petitioner/Appellant*

Law Office of Fredrick M. Jones, Phoenix
By Fredrick M. Jones
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Maurice Portley joined.

---

**N O R R I S**, Judge:

¶1      This appeal arises out of a decree of dissolution, which petitioner/appellant Miguel Cereceres argues inequitably divided community property and improperly awarded respondent/appellee Emma Cereceres attorneys' fees. We disagree with both arguments and affirm the decree.

**DISCUSSION**

I.      Division of Community Property

     A.      The Real Property

¶2      Miguel first argues the family court improperly classified Arizona real property—a residence and a rental—as Emma's separate property because he did not intend to disclaim his community property interest. Thus, he argues the family court's misclassification resulted in an inequitable division of the Arizona properties when it awarded them and a promissory note to Emma. *See infra* ¶¶ 3-4. Even assuming Emma failed to prove Miguel disclaimed his interest in the Arizona properties, neither he nor Emma presented the family court with any evidence of their value. *Reed v. Reed*, 82 Ariz. 168, 172, 309 P.2d 790, 793 (1957) (when the parties do not present evidence of the value of the property to be divided, "[t]he sole duty of the judge [is] to use his best judgment under the circumstances"). Accordingly, even if the Arizona properties were properly classified as community property, we cannot say the family court abused its discretion in awarding them to Emma given the parties' failure to provide any evidence of their value and the family court's decision to award Miguel four parcels of community real property in Mexico. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5, 972 P.2d 676, 679 (App. 1998) ("The trial court's apportionment of community property will not be disturbed on appeal absent an abuse of discretion.").

B.      Miguel's Waste and the Promissory Note

**¶3**      Miguel next argues the family court abused its discretion in awarding the promissory note to Emma because it was also community property, and thus subject to equitable division. *Gutierrez*, 193 Ariz. at 346, ¶ 5, 972 P.2d at 679.  We disagree.

**¶4**      The family court must divide community property equitably, which generally means the family court divides it substantially equally. Ariz. Rev. Stat. ("A.R.S.") § 25-318(A) (Supp. 2015); *Toth v. Toth*, 190 Ariz. 218, 221, 946 P.2d 900, 903 (1997).  The family court may, however, order an unequal division of community property if it finds "excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community . . . property . . . ."  A.R.S. § 25-318(C) ("waste").  If the family court finds waste, it "may, when apportioning the community property, award money or property sufficient to compensate the other spouse for that waste." *Hrudka v. Hrudka*, 186 Ariz. 84, 93, 919 P.2d 179, 188 (App. 1995). The family court awarded the promissory note to Emma, and based on our reading of its findings, it did so because Miguel wasted community assets.

**¶5**      Miguel argues, however, that Emma produced insufficient evidence for the family court to find he committed waste.  The party asserting waste must make "a prima facie showing" of such expenditures, but the accused party then "bear[s] the burden of showing that the money was spent to benefit the community." *Gutierrez*, 193 Ariz. at 346-47, ¶ 7, 946 P.2d at 679-80.  Viewing "the evidence in the light most favorable to sustaining the [family] court's findings" and determining "whether there was evidence that reasonably supports" those findings, we conclude there was. *Id.* at ¶ 5.

**¶6**      Here, Emma made a prima facie showing of Miguel's waste supported by reasonable evidence that he started a new family in Mexico and supported it with community funds.  Miguel admitted he had an extramarital affair in Mexico that resulted in the births of two children, one in 2002 and the other in 2008.  Emma testified she had "regularly" transferred money to Miguel during his trips to Mexico, which lasted up to two months at a time, and the parties' son testified he saw his father living with his second family in Mexico.  And although Miguel denied supporting his second family, the family court found his testimony not credible. Furthermore, Miguel took community vehicles to Mexico and sold them for about $18,000; failed to provide support for his minor children in Arizona; and spent $50,000 received from the sale of community property during a

trip to Mexico. Thus, Emma presented reasonable evidence for the family court to find Miguel committed waste.

### C.     Emma's Waste

**¶7**        Miguel next argues the family court improperly divided the community property by not considering Emma's waste. He argues Emma committed waste by not sharing with him the proceeds of a second mortgage and a flood insurance claim from the Arizona residence. The record shows, however, that the proceeds from both went back to the community. The second mortgage proceeds helped pay for the Arizona rental, and the flood insurance claim proceeds paid for repairs to the Arizona residence.[1] Thus, neither of these acts constituted waste.

**¶8**        Miguel also argues Emma wasted community assets by conveying a truck to her nephew. Miguel failed to support this claim with reasonable evidence. *Gutierrez*, 193 Ariz. at 346, ¶¶ 9-10, 946 P.2d at 679. At trial, Miguel testified the truck "ended up in [Emma's nephew's] hands" but he did not know "if she gave it to him or sold it to him," and Miguel only produced the truck's title.

**¶9**        On this record, the family court did not inequitably divide the community property. Miguel failed to provide valuation evidence for the Arizona properties; Emma provided reasonable evidence of Miguel's waste; and Miguel failed to rebut Emma's prima facie showing by proving he used community assets for the community's benefit.[2]

---

[1]We assume, arguendo, these properties are community property as Miguel argues. If Miguel disclaimed both properties, then Emma still did not commit waste because the proceeds would be her separate property. *Gutierrez*, 193 Ariz. at 346, ¶ 6, 972 P.2d at 679 ("The [family] court is specifically authorized to consider excessive or abnormal expenditures and the concealment or fraudulent disposition of community property when apportioning community property.").

[2]Miguel also argues the family court improperly divided the community property because it based its division on marital misconduct, in violation of A.R.S. § 25-318(A). Although the statute prohibits the family court from considering marital misconduct in dividing community property and property held in common, the family court did not violate this statute in dividing the marital property. It based its division on Miguel's waste, not on his marital misconduct.

II.    Attorneys' Fees

¶10        Finally, Miguel argues the family court abused its discretion in awarding $2,000 in attorneys' fees to Emma because it awarded the promissory note and its income to her.  *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6, 333 P.3d 818, 821 (App. 2014).  Under A.R.S. § 25-324(A) (Supp. 2015), the family court may, "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings," award "a reasonable amount" of attorneys' fees.

¶11        In awarding fees to Emma, the family court noted Miguel initially defaulted in the case, and also failed to file proposed findings of fact and conclusions of law, as specifically ordered by the family court. Under these circumstances, the family court did not abuse its discretion in awarding Emma attorneys' fees.

**CONCLUSION**

¶12        We affirm the family court's decree of dissolution.  Based on the record before us, we deny Emma's and Miguel's separate requests for attorneys' fees on appeal.  We award Emma her costs on appeal contingent upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama